## NANCY BATEMAN V. ESAIAS BATEMAN.

Where an affidavit of the loss of an instrument, and search therefor is defective for want of sufficient fullness, the party making the affidavit is not precluded from making an additional one.

Error from Red River.   Tried below before the Hon. W. S. Todd.

Suit to obtain a decree for title to a tract of land based upon a bond sworn to be lost, and for which unsuccessful search had been made.   The affidavit of the plaintiff as to the loss, &c., was in the following words :   " I have lost or mislaid the bond described in the petition in said cause, and that I have made diligent search and enquiry for the same and have not been able to find the same," &c.   Under this he was permitted to introduce oral evidence of the existence and contents of the bond, and obtained a decree as prayed for.   Upon appeal to the Supreme Court, it was there decided that this affidavit was not sufficient to let in such proof, (16 Tex. R. 541,) and the judgment was reversed and the cause remanded.   Upon the second trial the plaintiff filed an additional affidavit as to the loss, and the particular diligence used to discover it ; under which oral evidence was admitted to prove the existence and contents of the bond so sworn to be lost.   The permission to file this additional affidavit was excepted to by the defendant below, and upon a decree being rendered for plaintiff it was assigned as error.

J. A. N. Murray, for plaintiff in error, cited 16 Tex. R. 541.

S. H. Morgan, for defendant in error, cited 12 Tex. R. 130; 1 Greenl. Ev., Sec. 538.

HEMPHILL, Ch. J.  In 1 Greenleaf on Evidence, it is stated that if the instrument is lost the party is required to give some evidence that the paper once existed, though slight evidence is sufficient for this purpose ; and that a *bona fide* and diligent search for it has been made unsuccessfully in the place where it was most likely to be found, if the nature of the case admits of such proof, after which his own affidavit is admissible to the facts of its loss.

In regard to the order of the proof, namely : whether the existence and genuineness of the paper, and of course its general character and contents, must be proved before any evidence can be received of its loss, the decisions are not uniform.  In this case proof of the loss of the bond was first offered, and was sufficient to authorize proof of its existence and contents.

It cannot be admitted that by the decision, when the cause was previously before this Court, (16 Tex. R. 541,) the plaintiff was inhibited from offering an additional affidavit of the loss of the instrument.  There was a difference of opinion between the Court below and this Court, as to the sufficiency of the former affidavit, and the impolicy of allowing additional affidavits is the subject of comment.  But to deprive a party of his rights for want of sufficient minuteness of an affidavit would be an intolerable hardship.  The defect of the former was its vagueness.  It stated the substantial fact of diligent search, but not the place or places in which it was made.

No special standard was prescribed for an additional affidavit, and the plaintiff had no temptation to fill up a particular measure by his oath.  We cannot hold that the plaintiff was forever precluded from the want of sufficient fullness in the original affidavit.  The main facts to be established were the existence and contents of the bond.  The best evidence of this was the bond itself ; but in the absence of this, parol proof or secondary evidence was sufficient.  The fact of the loss is not so material as the existence or contents of the paper.

We are of opinion that there was no error in overruling

the objection to the affidavits. Whether the existence and contents of the bond, and payment of the purchase money, were sufficiently proven, was for the jury to determine. Their verdict was for the plaintiff, and cannot be disturbed on the ground that it was without or against evidence. Judgment affirmed.

Judgment affirmed.